| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Amigo Adventures, LLC, et al., §
§
    Plaintiffs, §
§
versus §          Civil Action H-12-518
§
Eric Coufal Diaz Garza, et al., §
§
    Defendants. §

# Opinion on Jurisdiction

1.    *Background.*

In November of 2008, Amigo Adventures, LLC – owned by Jon Shirley – hired Eric Coufal Diaz Garza to represent it in a land dispute in Mexico; a building next to its house had undermined the foundation. Coufal agreed to pursue the case in Mexico and told Amigo to pay his legal fees to an account at a Swiss bank in Houston held by Ajijic Investments, SA.

After more than a year and having paid Coufal $800,000 without discernible progress in the case, Amigo hired new lawyers. In the meantime, Coufal had hired another lawyer – José Abel Campirano Marín – on behalf of Amigo and transferred his interest in Ajijic to him, along with its right to collect the legal fees for Amigo's case.

When Marín started an arbitration in Mexico against Amigo and Shirley to recover on Ajijic's account receivable for the fees, Coufal purported to represent Amigo and Shirley in it. The result was a $42 million award for Ajijic against Amigo and Shirley. In October of 2010, Ajijic tried to enforce the award in court in Mexico, but it withdrew its motion four months later.

In April of 2011, Ajijic tried again to enforce its award and attached Amigo's house; a Mexican court stayed the attachment, which is on appeal. In October of 2011, Ajijic moved to enforce the award in another Mexican court.

2.  *Jurisdiction.*

This court has no jurisdiction over a Panamanian company that is trying to enforce a Mexican arbitration award in Mexico to recover its assignor's exorbitant fees in a Mexican land dispute.

Amigo and Shirley say that this court has jurisdiction over Ajijic because it is a foreign company that does business in Texas. They say that Ajijic had a bank account in Houston and defrauded Amigo and Shirley.

Ajijic Investments, SA, has a single connection to Texas: a bank account, a series of zeroes and ones on a computer that represent money deposited with a Swiss bank. There is nothing elemental about the location of the account; a shepherd in Uganda could have an account in Houston, but it does not transform him into a Texan. UBS – the Swiss bank – has over 300 branches in the Western Hemisphere and even more in Europe, Africa, and Asia. Money deposited in Houston is available anywhere in the world, almost instantly.

Ajijic is a Panamanian corporation with a Panamanian registered agent. It did nothing to Shirley or Amigo in Texas; they sent money through a bank in Houston to Ajijic in Panama for Coufal's work in Mexico, Coufal transferred whatever interest he had in it in Mexico, it started arbitration against Amigo and Shirley in Mexico, and it has tried to enforce the award in Mexican courts.

Simply put, Ajijic's ties to Texas are insufficient to support jurisdiction. It is not a foreign company doing business in Texas because of payments to it through a single bank account. Its conduct was in another country entirely.

3.  *Service.*

Amigo and Shirley say they served Ajijic properly by sending the summons and complaint to the Texas Secretary of State, to be forwarded to its registered agent in Panama. Ajijic is not a foreign company doing business in Texas; this method of service is improper.

Panama is a signatory to the Inter-American Convention on Letters Rogatory. It requires service to be done by the laws of the destination country. Instead of using the convention, Shirley and Amigo attempted to serve Ajijic through the Secretary of State. Use of the Secretary of State is only proper when the defendant is amenable to the authority of Texas courts, and they have not shown that Panama allows service by mail.

4. *Conclusion.*

This court has no jurisdiction over Ajijic Investments, SA, because it is a foreign company that lacks sufficient ties to Texas, and whatever it did to Amigo Adventures, LLC, and Jon Shirley, it did in Mexico.

The motion for entry of default will be denied and their claims against Ajijic will be dismissed for want of jurisdiction.

Signed on June 13, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge